*388 OPINION of the Court, by
Judge Clark.
The defendant, Charles Morgan, brought an action of cove-nállt Mary Morgan, executrix of Jeremiah Morgan, deceased* and Armstead Morgan and Susan *389 na Morgan^ -heirs and devisees of the said Jeremiah Morgan, upon an obligation to himself, executed by the said Jeremiah in his lifetime. The writ was returned “ not found,” upon which an alias capias issued against Mary Morgan and Armstead Morgan alone ; which being returned executed, the plaintiff filed his declaration against “ Mary Morgan, executrix of Jeremiah Morgan, and Armstead Morgan and Susanna Morgan, heirs and devisees of the said Jeremiah, in custody,” &e. At the succeeding rule day a conditional judgment was taken against the “ said defendants,” without taking any separate order as to Susanna Morgan, which not being set aside, was at the next rule day confirmed, and a writ of inquiry awarded.
If the declaration ftates a contract as made on an im-putó) ble date, as in 189a, after judgment the court will intend the true ...date was ihewn on the trial.
in declaring againft heirs and ■dé'üisees/it it is not dated who are heirs 8s who are devhtes, the court will intend they are all heirs and de*> visees.
That the declaration is against one not named in the a has and on whom procefs is not ferved, is but matter of abatement.
Where the procels is ferved only on fume oí the defendants named in the writ, and judg» ment is takers againft “ the defendants,'* without naming them, and without any ap* pearance of the fcrved3™ whh procefs, the judgment will miy U"dagainft thole who had been served.
*389 From the record it appears this cause was regularly continued until the September term 1808. The orders for continuances state “the parties aforesaid came by their attornies,” &c. At the September term 1808, a jury was empannelled to inquire of damages, who assessed the plaintiff’s damages to 900/. for which a judgment was rendered, “ that the plaintiff recover against the said defendants the damages aforesaid assessed,” See. To reverse this judgment the defendants in the court below prosecute their writ of error.
We shall take notice of such of the objections made in this cause as merit a particular refutation.
The first is that “ the alias on which the judgment was rendered is a departure from the original writ, and consequently a discontinuance of the suit, the original being against all the heirs and devisees of Jeremiah Morgan, and the alias against only a part of them,” Where there is a chasm in the proceedings, or where the cause has not been regularly continued on the docket, perhaps it might be considered as a discontinuance of the suit, and the plaintiff compelled to commence his suit again ; but a variance merely fo) ween the original and mesne process, can only operate as a discontinuance so far as the variance exists ; and not then unless it be in a material part, such as in this case an omission to name one of the defendants.
2d. “ There is no law which authorises a suit against part of the heirs or devisees on a contract of their ancestor.” It is unimportant, as relates to this cause, whether the law will authorise a suit against part of the *390 ^e*rs or devisees or not, for the objection cannot apply, as this suit was brought against all, and not a part of them, as is supposed in the assignment of error. It is true the- failure to name Susanna Morgan in the alias (£^e original not having been executed on her) operated as a discontinuance as to her, and therefore the cause was not prosecuted to final judgment against all; yet ^is not being assigned for error, cannot affect the question.
To take judgment against seme of the coheirs and devi-' sees only, the others nut having been ferved Vitb process nor otberwife proceeded a - gainft after the original returned not found, is erroneous.
Judgment a-gaiost executory fairs and dt4>i-sees, under our ftatute, need not recite that execution is to be levied first of the afifcts, next on the eiiate defended, and laftly of the eftate devifcd, but the íheriff is to take notice of the law at his peril.
Judgment on default of heirs and devifeea may be taken against them in their oíos right, but if it is taken against the eiiate defended or devifed, they cannot as* $ga it for error.
3d. “No such contract as is alleged in the declaration could have possibly existed at the time the action was brought, or at any time before or since.’*
The contract is stated in the declaration to have been made the 13th,day of December 1892 ; this is evidently a mistake, and ought not to invalidate the agreement. No rule is better established than if a deed has a false or impossible date, it shall take date from the time of its delivery. The date set out in the declaration being an impossible one, we will presume the true one was shewn on the trial.
4th. “ The declaration is defective in not stating which of the defendants were heirs and which devisees, and in being against one not named in the aiiasy andón whom process had not been executed.”
They are charged in the declaration as heirs and de-visees. As they may combine both characters, we may well suppose that to be the fact; in which case the declaration is well enough. Our act of assembly autho-rises only a joint action against them. It is sufficient to charge them as heirs and devisees, without setting forth how they claim as heir and how as devisee. That the declaration is against one not named in the aims, and on whom process had not been served, is but matter of abatement, and cannot be assigned for error.
5th. “ it was erroneous to take judgment against Susanna Morgan, when she had not been served with process, or an ©rder of publication taken against her.”
This error, if it exited, would certainly be fatal; but no such error in fact exists. The judgment has beea^ entered against those only on whom process was executed. The failure to sue out process against Susanna Morgan, on whom the original had not been executed, vVas a discontinuance 0⅛ the suit as to her. Consequently she was not liable to be proceeded against any *391 voluntarily appeared and made ,’hc :f a p .* í'- -u This she does not appear to C i.', >* .. -al does not exhibit any special “ e.p.-'a;, .;.v, and the only part from which w • , > r i i ’i.f rr< d, is the orders for conti-c.:,1 -, * i\ • die “ pasties afi-rer.aid came e:r >< ^ his we are inclined to think ..''v r . i. ¡»I p • ties to the action, of whom /. • r., t ¡ e. Í jnent is that the “ plaintiff t d. ■!, Id 'kffndants the damages afore» * _ d 1 ¡ - . '1 ; ,r verdict aforesaid assessed, ’.!• j t." i * , Who is included under the - ucl dek-admits” ? Surely only those time deb ndants to the suit, Mary cx 1 A tx.i ,u ,ul jfi.rg m ; dmrc T.g, as we have shewn ft lore, a ones -.tiu.iai.ee a‘ to Susanna Morgan. This \ t think the ci-h ro; red conclusion from the whole t cord ; and vk !i has been the decision of the court of a: peals < f Vo pm. in asimilar c.¡oe before that court— bee 4. Hen. and Mun. 2⅛5. That it was error to take a judgment against part of the heirs and devisees unlv. then is no doubt; yet as it is not assigned we cannot i dice it.
6th. “ The judgment is erroneous in being in as/'VÚ» • , limt all the defendants simultaneously, whereas it ought to have been first against the executrix, secondly •¡gainst the heirs, and lastly against the devisees.” The judgment is against the estate of the decedant, Jeremiah Morgan, in the hands of the executrix to be administered, or of the estate in the hands of the said heirs and devisees. We know of no other mode of entering judgment at law, where the suit is against the executors and heirs and devisees, than the one herein pursued, except it ought to have been against the heirs a ad devisees in their own right, on the judgment by default ; but of this they cannot complain. ‘ It is true the law will first subject the property in the hands of the executors, it being the regular fund for the payment of debts, yet we conceive it need not be so mentioned in the judgment: it is directory to the sheriff,' who will lake notice of it at his peril.
Judgment affirmed with costs and damages.